### HEZEKIAH vs. MONTROSS, SURV.

Objections to testimony should not be entered upon the record. They can be presented only by bill of exceptions.

The objection, on an issue to the plea of *nil debet* to an action upon a note which has been made part of the declaration by oyer, that the H. E. K. who signed the note is not the H. E. K., defendant, must be disregarded as frivolous: so also that " I " before the word " promise," in the note has been omitted.

*Writ of Error to Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

GARLAND & RANDOLPH, for plaintiff.

BERTRAND, for defendant.

Mr. Justice FAIRCHILD delivered the opinion of the court.

To an action of debt by Montross, as surviving partner of Montross & Stillwell, Hezekiah appeared and craved oyer, which was granted by exhibiting and filing the two notes sued on. He then pleaded *nil debet*, to which issue was taken, and the case submitted to the court sitting as a jury. The finding of the court and judgment were for the plaintiff, and Hezekiah has brought error.

In the order recording the trial and judgment, it is stated that the defendant objected to the notes being read in evidence, and the objections are fully set out in the order, but their statement is surplusage.

The record should not have been encumbered with foreign matter, but if the defendant objected to testimony, and wished

to preserve his objections, he could only do so by bill of exceptions.

But the objections were not well made, because, after the notes had been brought on to the record by oyer, they formed a part of the declaration, and there was then no ground for the objection that the defendant was not the H. E. Hezekiah who signed the notes, or that the omission of the word "I" before "promise," in the second note could be of any effect.

And if without oyer, on trial, such objections were made and preserved by bill of exceptions, they would be disregarded as frivolous.

Judgment affirmed.